[No. 10941.  Department One.  October 18, 1913.]

## J. M. CLAPP, *Respondent*, v. SNOHOMISH RIVER BOOM COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT. A verdict supported by conflicting evidence cannot be disturbed.

APPEAL—REVIEW—HARMLESS ERROR. It is not prejudicial error to exclude a letter, offered merely to discredit a witness by its date, where the witness had not testified positively as to its date, and where the date of the letter was admitted and stated in the presence of the jury.

Appeal from a judgment of the superior court for Snohomish county, W. P. Bell, J., entered July 6, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Hathaway & Alston*, for appellant.

*J. A. Coleman* and *Peters & Powell*, for respondent.

CROW, C. J.—Action by J. M. Clapp against Snohomish River Boom Company, a corporation, to recover damages to

[1]Reported in 135 Pac. 808.

certain government work which plaintiff, as a contractor, was constructing in Everett harbor, at the mouth of the Snohomish river. From a verdict and judgment in his favor, the defendant has appealed.

Respondent was constructing a jetty at the mouth of the Snohomish river, under a contract with the United States government. Appellant, in booming and driving logs on the river, maintained certain sheer booms in Ebey, Union, and Steamboat sloughs, branches of the river, to sheer logs coming down the main river into the various sloughs, the purpose being to direct the logs to the appellant's booming grounds at the mouth of Steamboat slough. Were it not for these sheer booms, the logs would ordinarily float down the main river and out to sea. Most of the logs were sheered at Ebey slough, about six miles above the mouth of the river. The other sheer booms were maintained by appellant for the purpose of catching such logs as might escape the sheer boom at Ebey slough. On or about November 6, 1911, the exact date being in dispute, there was a rise of water which caused a large number of appellant's logs to float down the river towards Ebey slough. These logs, which were diverted into the main river by a jam near appellant's sheer boom at Ebey slough, also passed appellant's other booms, escaped down the main river, and striking respondent's jetty, caused the damage of which he complains. Many of the logs floated between the jetty and the shore of the harbor, where a heavy storm forced them against the jetty, destroying a portion of its foundation. Respondent alleged that he sustained damages by reason of the fact that appellant's sheer booms located on Union and Steamboat sloughs were defective, and were not operated by a sufficient number of men.

The controlling question for determination was whether any negligence of the appellant was shown. It is not necessary to state the conflicting evidence. It was sufficient to sustain the verdict of the jury, which cannot be disturbed.

Upon the trial, appellant insisted, and now insists, that no

logs escaped from its booms prior to November 7, 1911, and that, if the jetty was damaged by appellant's logs, such damage was inflicted subsequent to that date. The testimony of respondent's witnesses was to the effect that the damage was inflicted by appellant's logs on the 5th and 6th of November.

One William Tierney, respondent's superintendent, testified on behalf of respondent that he was on the jetty early on the morning of November 6th, that he then examined the brands on the logs which were inflicting the damage, and found that ten out of twelve of them were appellant's logs. He further testified that, as soon as possible, he, on the same date, informed appellant of the location and condition of its logs; that he also telephoned respondent; and that, on the same or perhaps some subsequent date, he wrote a letter to respondent describing the brands which he found on the logs. This letter was offered in evidence by appellant, but, upon respondent's objection, was excluded by the trial judge. Appellant now predicates error upon this ruling. It is not contended that the letter contained anything relative to the facts of the case. The only purpose for which it was offered was to disclose its date, conceded to be November 10th, and thereby discredit the testimony of the witness Tierney that he examined the logs on November 6th. Although there was a dispute as to whether appellant's logs escaped before or after November 7th, no prejudicial error was committed in excluding the letter, as the witness Tierney did not positively testify that he had written the letter prior to November 8th. The record further shows that the date of the letter was stated in the presence of the jury to be November 10th, and that such statement was not disputed by the witness Tierney, who was interrogated relative to its date. The jury certainly knew the letter was dated on November 10th.

It is further contended that the trial court erred in instructions given, and in failing to give certain instructions requested. We find no error in this regard, as the general body of the instructions clearly, fully, fairly and correctly stated

the law applicable to the case. The controlling issues in this case were issues of fact, which upon conflicting evidence were resolved in respondent's favor by the verdict of the jury. We find no prejudicial error in the record. The judgment is affirmed.

PARKER, GOSE, MOUNT, and CHADWICK, JJ., concur.